■ CYNTHIA SALICHS, Respondent, and EFRAIN HERNANDEZ, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. WHITE CASTLE SYSTEM, INC., et al., Appellants, et al., Defendants. [8 NYS3d 268]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered January 13, 2014, which denied the motions of defendant Westec Interactive Security, Inc. (Westec) and defendants White Castle System, Inc. and White Castle Management Co. (collectively White Castle) for summary judgment dismissing the complaint and cross claims as against them, and granted the motion of defendants City of New York and Alfredo Toro for summary judgment solely to the extent of dismissing the cause of action premised upon General Municipal Law § 205-e, unanimously modified, on the law, the motions of Westec and White Castle granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Westec and White Castle dismissing the complaint and all cross claims as against them.

This action arises out of the shooting death of an off-duty police officer, decedent Eric Hernandez, by uniformed police officer Alfredo Toro in the parking lot of a White Castle restaurant in the early morning of January 28, 2006. That morning, after five men had assaulted decedent inside the restaurant, decedent proceeded outside into the restaurant's parking lot where he confronted an individual he mistakenly believed had participated in the assault and held his handgun to that person. Defendant Toro, responding to a 911 call emanating from a White Castle employee, arrived and ordered decedent to put down the gun. When decedent failed to comply, Toro shot decedent three times.

Dismissal of the complaint as against White Castle is warranted because decedent's death was not a foreseeable result of any lapse in White Castle's security (*see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]). Even assuming that the security monitoring system employed by White Castle was inadequate to prevent the initial assault, it is speculative to as-

sume that any other measures could have prevented decedent's subsequent actions in the parking lot, or the police shooting thereafter. Since the subsequent independent acts of decedent and the police were extraordinary and not foreseeable or preventable in the normal course of events, White Castle's purported security failures were not a proximate cause of decedent's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

The summary judgment motion of White Castle's security monitoring company, Westec, should also have been granted. The occurrences in the parking lot after the initial assault constituted unforeseeable superseding or intervening conduct that severed the chain of causation between Westec's alleged inadequate response to the triggered alarm signal and decedent's death (*see Johnson v McLane Assoc.*, 201 AD2d 436 [1st Dept 1994]). Moreover, the complaint should have been dismissed as against Westec because decedent was not an intended third-party beneficiary of the agreement between White Castle and Westec (*see id.* at 437; *Pagan v Hampton Houses*, 187 AD2d 325 [1st Dept 1992]).

The court properly dismissed plaintiffs' General Municipal Law § 205-e claim. Even assuming that decedent was killed in the line of duty as required under General Municipal Law § 205-e, plaintiffs nonetheless failed to produce compelling evidence demonstrating a material question of fact as to whether the conduct of Officer Toro, who was never officially charged as a result of this incident, was criminal and not justified (*see Williams v City of New York*, 2 NY3d 352, 364-366 [2004]). Nevertheless, as the court found, the City was not entitled to dismissal of plaintiffs' claims sounding in intentional tort and negligence. The evidence presented raised triable issues as to whether Officer Toro acted reasonably under the circumstances (*see McCummings v New York City Tr. Auth.*, 81 NY2d 923, 925 [1993], *cert denied* 510 US 991 [1993]; *Lubecki v City of New York*, 304 AD2d 224, 232-233 [1st Dept 2003], *lv denied* 2 NY3d 701 [2004]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.